IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JALEESA WILLIAMS,<br>    Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 25-CV-4403 |
| | : | |
| MARRIOTT/HILTON-DAVIDSON<br>HOSPITALITY,<br>    Defendant. | :<br>:<br>: | |

## ORDER

AND NOW, this 30th day of October, 2025, upon consideration of *pro se* Plaintiff Jaleesa Willaims's Complaint (ECF No. 2), Application to Proceed In Forma Pauperis (ECF No. 6), and Request for Appointment of Attorney (ECF No. 7), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. The Complaint is deemed filed.

3. For the reasons stated in the Court's Memorandum, the Complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

4. Ms. Williams may file an amended complaint within thirty (30) days of the date of this Order. Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Williams's claims against each defendant. The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim. When drafting her amended complaint, Williams should be mindful of the Court's reasons for dismissing the claims in her original Complaint as explained in the Court's accompanying Memorandum. Upon the filing of an amended complaint, the Clerk shall not

make service until so **ORDERED** by the Court, so that the Court may screen the amended complaint in accordance with 28 U.S.C. § 1915(e)(2)(B).

5. The Clerk of Court is **DIRECTED** to **SEND** Williams a blank copy of this Court's current standard form to be used by a self-represented litigant filing an employment discrimination action bearing the above-captioned civil action number. Williams may use this form to file her amended complaint if she chooses to do so.

6. If Ms. Williams does not wish to amend further and instead intends to stand on her initial Complaint as originally pled, she may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

7. If Ms. Williams fails to file any response to this Order, the Court will conclude that she intends to stand on her Amended Complaint and will issue a final order dismissing this

2

case.[1]  *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing her to take action to cure a defective complaint).

8. The Request for Appointment of Attorney (ECF No. 7) is **DENIED WITHOUT PREJUDICE** to renewal after the Court conducts statutory screening of any amended complaint that Williams may file.  *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether appointment of counsel is appropriate, the Court should first determine whether plaintiff's lawsuit has a legal basis).

                                              **BY THE COURT:**

                                              /s/ Gerald Austin McHugh
                                              GERALD A. MCHUGH, J.

---

[1] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on her complaint.  *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*).  Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend her complaint, leaving the case without an operative pleading.  *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).