IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JALEESA WILLIAMS,<br>    Plaintiff, | :<br>:<br>: |
| v. | :    CIVIL ACTION NO. 25-CV-4403 |
| | : |
| MARRIOTT/HILTON-DAVIDSON<br>HOSPITALITY,<br>    Defendant. | :<br>:<br>: |

**MEMORANDUM**

**MCHUGH, J.**                                                                                                                                                                                                                         **JANUARY 27, 2026**

      Jaleesa Willaims commenced this action by filing a *pro se* Complaint (ECF No. 2) alleging that her former employer Marriott/Hilton-Davidson Hospitality violated various provisions of federal, state, and local employment discrimination law. The Court granted Williams leave to proceed *in forma pauperis* and dismissed her Complaint with leave to amend. (*See* ECF Nos. 8, 9.) Currently before the Court is Ms. Williams's Amended Complaint, in which the named Defendant is Davidson Hospitality Group. (ECF No. 10.) For the following reasons, the Court will dismiss the Amended Complaint with prejudice.

**I.**       **FACTUAL ALLEGATIONS**[1]

      Ms. Williams is an African American woman who "was employed by Sheraton Philadelphia University City, operated by Davidson Hospitality Group." (Am. Compl. at 1.) She makes only the following allegations: she "was employed by Defendant and consistently performed her duties in a satisfactory manner"; she "experienced racial discrimination, exclusion from meetings, denial of advancement opportunities, and an overall hostile work environment

---

[1] The facts set forth in this Memorandum are taken from Williams's Amended Complaint (ECF No. 10). The Court adopts the pagination assigned by the CM/ECF docketing system.

led by her direct supervisors"; she "raised concerns internally and faced retaliation including increased scrutiny and exclusion"; "[d]ue to the intolerable work conditions, [she] was forced to resign—constituting constructive discharge"; and she "received a Right to Sue letter from the [Equal Employment Opportunity Commission] after filing a timely complaint." (*Id.* at 1-2.) Ms. Williams asserts that the Defendant's conduct violated federal and state law, and she seeks an unspecified amount of damages. (*Id.* at 2-3.)

## II. STANDARD OF REVIEW

The Court previously granted Ms. Williams leave to proceed *in forma pauperis*, so 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Amended Complaint if it fails to state a claim. The Court must determine whether the Amended Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). The Court "will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim." *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (cleaned up), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Because Williams is proceeding *pro se*, the Court construes the allegations of the Amended Complaint liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F. 3d at 245).

## III. DISCUSSION

The Court dismissed Ms. Williams's original Complaint because it contained little more than "assertions that she faced a hostile work environment and felt the need to resign, asserting

in conclusory fashion that actions taken against her were discriminatory," and explained to her that such a pleading was insufficient to state a claim. (ECF No. 8 at 7 (citations omitted).) The Court also explained that if she chose to file an amended complaint, it must "be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim." (ECF No. 9 at 1.) Ms. Williams has responded with an Amended Complaint that contains even fewer facts—indeed, no facts at all. Her Amended Complaint is entirely conclusory, meaning she only alleges the conclusions to legal issues by stating that she "experienced racial discrimination," "faced retaliation," and "was forced to resign" because of "intolerable work conditions." (Am. Compl. at 2.) "A plaintiff cannot survive dismissal just by alleging the conclusion to an ultimate legal issue." *Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021). Ms. Williams provides absolutely no factual content to support these legal conclusions, so she has not stated a claim to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"); *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) ("Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." (internal quotation marks and citations omitted)).

      The Court previously explained in detail the law applicable to Ms. Williams's claims, then "informed [Williams] as to the ways in which [her] complaint was deficient and provided [her] the opportunity to amend, and yet [her] subsequent filing did not heed the Court's direction," so she will not be granted further leave to amend. *Gowans v. Axsom*, No. 25-2070, 2025 WL 2848907, at *1 (3d Cir. Oct. 8, 2025) (*per curiam*) (citing *Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by *pro se* litigant

would be futile when litigant "already had two chances to tell [her] story")); *see also id.* ("A District Court has discretion to deny a plaintiff leave to amend where the plaintiff was put on notice as to the deficiencies in [her] complaint, but chose not to resolve them." (quoting *Krantz v. Prudential Invs. Fund Mgmt. LLC*, 305 F.3d 140, 144 (3d Cir. 2002) (*per curiam*))).

### IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the Amended Complaint and, because amendment would be futile, the dismissal will be with prejudice. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

        **BY THE COURT:**

        **/s/ Gerald Austin McHugh**

        **GERALD A. MCHUGH, J.**